IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:09-CV-143-D

| | |
|---|---|
| THERESA M. SPARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Theresa M. Sparrow ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability benefits ("DIB") on the grounds that she is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. (D.E. 11, 14). Both parties submitted a memorandum in support of their respective motions (D.E. 12, 15). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 16). For the reasons set forth below, it will be recommended that plaintiff's motion be granted, the Commissioner's motion be denied, and this case be remanded for further proceedings.

## I. BACKGROUND

### A.   Case History

Plaintiff filed an application for DIB on 27 September 2005, alleging a disability onset date of 4 March 2002 due to impairments with both knees, impairments with the right hip and shoulder, depression, and anxiety. Transcript of Proceedings ("Tr.") 11, 65, 72. She had previously filed an application alleging the same onset date, but it was denied in a hearing decision dated 26 August

2005 and the Appeals Council denied review. *Id.* 11. The date plaintiff was last insured was 31 December 2007. *Id.* Therefore, the period to which plaintiff's present application relates is 27 August 2005 through 31 December 2007, a point not contested by the parties. *Id.* 13 ¶ 2.

This application was denied initially, *id.* 65-68, and again upon reconsideration, *see id.* 11, and a request for hearing was timely filed, *id.* 46. On 23 April 2008, a video hearing was held before an Administrative Law Judge ("ALJ"). *Id.* 574-624. The ALJ issued a decision denying plaintiff's claim on 28 May 2008. *Id.* 11-20. Plaintiff timely requested review by the Appeals Council. *Id.* 5. The Appeals Council denied the request for review on 10 July 2009. *Id.* 2-4. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.1581. Plaintiff commenced this proceeding for judicial review on 18 August 2009, pursuant to 42 U.S.C. § 405(g). *See* Compl. (D.E. 1).

### B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe the attributes an impairment must have to be disabling:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

2

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The burden of proving disability falls upon the claimant. *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the

3

combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

C. **Findings of the ALJ**

Plaintiff was 38 years old on the alleged onset date of disability and 44 years old on the date of the administrative hearing. *See* tr. 18 ¶ 7. Plaintiff completed three years of college and she has past work experience as a police officer. *Id.* 18 ¶ 6.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ made the finding at step one that plaintiff had not engaged in substantial gainful activity during the period in question, 27 August 2005 through 31 December 2007. *Id.* 13 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe within the meaning of the Regulations, 20 C.F.R. § 404.1520(c): lumbar disc disease with sciatica, osteoarthritis of the knees, bilateral shoulder pain with right rotator cuff tear, status-post gastric bypass surgery, iron deficiency anemia, sleep apnea, depression, panic disorder, and possible attention deficit hyperactivity disorder. *Id.* 13 ¶ 3. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. *Id.* 13 ¶ 4.

The ALJ determined that plaintiff had the RFC to perform work at the sedentary exertional level subject to the following limitations: simple, routine, repetitive tasks; frequent but not continuous overhead reaching; no balancing, climbing, crouching, kneeling, or crawling; and no work around unprotected heights or moving machinery. *Id.* 14 ¶ 5. Based on this RFC, the ALJ

4

found at step four that plaintiff could not have performed her past relevant work as a police officer. *Id.* 18 ¶ 6.

At step five, the ALJ found that there were jobs in significant numbers in the national economy that plaintiff could have performed, including call-out operator, charge-account clerk, and order clerk. *Id.* 19 ¶ 10. In making this determination, the ALJ adopted the opinion of a vocational expert who testified at the hearing. *Id.* The ALJ accordingly found plaintiff not disabled during the relevant period. *Id.* 20 ¶ 11.

## II. DISCUSSION

### A.  Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B.     Overview of Plaintiff's Contentions

Plaintiff contends that the ALJ's decision should be reversed because the ALJ erred by: (1) finding that plaintiff had the RFC for sedentary work in the relevant period; (2) failing to give controlling weight to the opinions of plaintiff's treating physicians; (3) improperly assessing plaintiff's credibility; and (4) finding that there were jobs that plaintiff could have performed other than her past relevant work. Not addressed by the parties is another issue, to which the court now turns.

6

## C. ALJ's Non-Application of Special Technique for Mental Impairments

When, as here, the ALJ determines that a claimant has a medically determinable mental impairment, the Regulations require the ALJ to follow a special technique to evaluate such impairments, as described in 20 C.F.R. § 404.1520a(b)-(e). 20 C.F.R. § 404.1520a(a). Under the special technique, an ALJ is to rate the degree of a claimant's functional limitation in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The first three functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). A four-point scale is used to rate the fourth functional area: none, one or two, three, and four or more. *Id.* The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity. *Id.*

The ALJ was also required to document in his decision his application of the special technique. *Id.* § 404.1520a(e). Specifically, an ALJ's written decision "must incorporate the pertinent findings and conclusions based on the technique" and "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id.* § 404.1520a(e)(2). The decision must also include a specific finding as to the degree of limitation in each of the four functional areas. *Id.*

Here, the ALJ does not provide the ratings required by the special technique. Nor does he cite to the underlying regulation or otherwise reference his obligation to apply the special technique. In the absence of documentation that the ALJ applied the special technique as required, the court concludes that he failed to do so.

7

Case 4:09-cv-00143-D   Document 17   Filed 06/28/10   Page 7 of 10

To be sure, portions of the ALJ's decision indicate that he gave some consideration to plaintiff's limitations in functional areas addressed by the special technique. But these portions of the decision are no substitute for the ratings required by the Regulations. Plaintiff did not receive the benefit of the full evaluation of her mental impairments that the special technique requires.

For example, in considering the mental impairment listings at step three of his analysis, the ALJ states that plaintiff's mental impairments do not cause marked limitations in at least two functional limitations, or a marked limitation in one functional area and repeated episodes of decompensation. Tr. 14 ¶ 4. But this determination shows only that the ALJ analyzed plaintiff's limitations in certain functional areas sufficiently to rule out the two scenarios specified. It does not show that the ALJ actually determined a level of limitation in each functional area or, if he did, what the level of limitation was. The ALJ does not even identify the areas in which he deemed plaintiff's limitations not to be marked.

Similarly, the ALJ speaks favorably of the ratings on plaintiff's functional limitations in a Psychiatric Review Technique form (*see id.* 169) completed by plaintiff's treating psychiatrist Ateiat Z. Phillips, M.D.[1] *Id.* 16, 17. But he does not expressly adopt these ratings.

Where the claimant has presented a colorable claim of mental impairment, as here, the failure to incorporate the special technique into the ALJ's decision warrants remand for further proceedings. *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005); *Witt v. Barnhart*, 446 F. Supp. 2d 886, 898 (N.D. Ill. 2006). Therefore, the ALJ's failure to apply the special technique requires remand of this case.

---

[1] The court notes that § II.E. of the form, which deals with documentation of factors that evidence anxiety-related disorders and should follow page 164, is missing.

### D. Other Considerations

The remand for failure to apply and document application of the special technique will necessarily require comprehensive re-evaluation of the record by the Commissioner. The court therefore declines to address the merits of plaintiff's challenges to the ALJ's decision.

For guidance in the remand proceedings, the court reminds the Commissioner of his obligation to consider all relevant evidence and sufficiently explain the weight given to probative evidence. *See Sterling Smokeless,* 131 F.3d at 439-40. Without expressing any opinion on whether or not the ALJ's decision meets these requirements, the court notes that it contains no summary of or other express reference to plaintiff's hearing testimony. Also, while the decision notes in the procedural history of the case that an impartial medical expert testified at the hearing (tr. 1), it does not thereafter refer to her testimony.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's motion for judgment on the pleadings be DENIED, plaintiff's motion for judgment on the pleadings be ALLOWED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 28th day of June 2010.

_____
James E. Gates
United States Magistrate Judge